Gemma L. Mondala (SBN 261945)
REZNIK LAW OFFICE, P.C.
30 Wall Street, 8th Floor #741
New York, NY 10005
Tel (650) 877-2375
Fax (877) 366- 4747
Email: Gemma.M@rezniklawoffice.com

Attorney for Plaintiff ANDRE ROBERTSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE ROBERTSON,<br><br>                                  Plaintiff,<br><br>v.<br><br>LTD FINANCIAL SERVICES, LP AND FIRST NATIONAL CREDIT CARD,<br><br>                                  Defendant. | Case No.:<br><br>**COMPLAINT FOR:**<br>   1) **BREACH OF CONTRACT;**<br>   2) **BREACH OF GOOD FAITH AND FAIR DEALING; AND**<br>   3) **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692,** *ET SEQ*<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff, Andre Robertson (hereinafter "Plaintiff"), by and through his attorneys, Reznik Law Office, P.C., hereby submits this Complaint against Defendants, LTD Financial Services, LP ("LTD") and First National Credit Card ("First National"), and alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for

Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## PARTIES

2. Plaintiff ANDRE ROBERTSON is of legal age and domiciled in Fairfield, California. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA

3. Defendant FIRST NATIONAL is a for profit business entity that is regularly engaged in the business of collecting debts in California, with its principal place of business located at 500 E 60th Street N, Sioux Falls, SD 57104-0478.

4. Defendant LTD is a business entity that is regularly engaged in the business of collecting debts in California, with its principal place of business located at 7322 Southwest Freeway, Suite 1600, Houston, TX 77074. The principal business purpose of LTD is the collection of debts using the mails and telephone, and LTD regularly attempts to collect debts alleged to be due to another.

5. Defendants are "debt collector[s]" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to 15 U.S.C. § 1692.

7. Venue is proper in the Northern District of California pursuant to 15 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

## FACTUAL ALLEGATIONS

8. Defendants attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to FIRST NATIONAL.

9. The debt at issue arises out of an alleged transaction which was

primarily for personal, family or household purposes and constitutes a "debt" for purposes of 15 U.S.C. § 1692a(5).

10. On or about August 18, 2017, Plaintiff and LTD, on behalf of FIRST NATIONAL, entered into an oral settlement agreement for Plaintiff's First National account ending in 3131.

11. Pursuant to the terms of the settlement agreement, Plaintiff and Defendants agreed to settle Plaintiff's First National account ending in 3131.

12. As consideration for settlement, Plaintiff agreed to make one lump sum payment totaling $555.17 by or on August 31, 2017 to settle and close the subject First National account.

13. Plaintiff, via his debt settlement representative, timely made the requisite payment on August 31, 2017. A redacted statement of Plaintiff's trust account during the relevant time period is attached herein as **Exhibit A**.

14. With no warning or justification, the payment was not accepted and reversed by Defendant LTD.

15. On October 5, 2017, Plaintiff's debt settlement company contacted LTD to resolve the payment discrepancy.

16. A LTD representative named "Erica" explained that Plaintiff's account was recalled, however, no reason was given as to why is was recalled.

17. On October 11, 2017, Plaintiff's debt settlement representative again contacted First National to resolve the payment discrepancy.

18. A First National representative named "Jen" confirmed the account was with Defendant First National and explained that Defendant First National would not honor the settlement agreement.

19. Defendants' reneging on the settlement agreement with Plaintiff constitutes breach of the settlement agreement - an oral contract.

20. Defendant LTD knew or should have known that its actions violated

the FDCPA. Additionally, Defendant LTD should have acted in compliance with the FDCPA, but failed to do so.

21. Defendant LTD failed to adequately review its actions to ensure compliance with the FDCPA.

22. At all times pertinent hereto, Defendants acted by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendants.

23. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## COUNT I

### (Breach of Contract)

24. Plaintiff realleges, reasserts and incorporates paragraphs 1 through 23 above as if fully set forth herein.

25. Defendants entered into an oral settlement agreement with Plaintiff.

26. As consideration of the oral settlement agreement, Plaintiff agreed to make and did make a lump sum payment.

27. Defendant failed to process, and therefore, was reversed back into Plaintiff's trust account.

28. Defendants' failure to honor the settlement agreement after Plaintiff relied upon it and specifically performed is a breach of contract.

29. As a result, of Defendants' unexcused breach, Plaintiff has suffered actual and monetary damages.

## COUNT II

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

30. Plaintiff realleges, reasserts and incorporates paragraphs 1 through 29

above as if fully set forth herein.

31. Defendants owed Plaintiff an implied duty of good faith and fair dealing with respect to the oral settlement agreement entered between Defendants and Plaintiff.

32. By way of the foregoing conduct, Defendants breached the implied covenant of good faith and fair dealing that they owed to Plaintiff with respect to the settlement agreement.

33. Defendants have acted unreasonably and in bad faith and deprived Plaintiff of the benefit of the bargain of the settlement agreement by refusing to perform their obligations under the settlement agreement.

34. As a result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered actual and monetary damages.

## COUNT III

### (Fair Debt Collection Practices Act)

35. Plaintiff realleges, reasserts and incorporates paragraphs 1 through 34 above as if fully set forth herein.

36. The above contacts between Defendants and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

37. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

38. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt.

39. FDCPA 15 U.S.C. § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

40. Defendants violated the FDCPA by falsely and deceptively inducing

Plaintiff to enter into a settlement agreement which it did not intend to adhere to and/or which it intended to breach and did breach.

41. Defendants knew or should have known that its actions violated the FDCPA. Additionally, Defendants should have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the FDCPA.

42. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands that judgment in the sum of $12,000.00 be entered against Defendants LTD FINANCIAL SERVICES, LP AND FIRST NATIONAL CREDIT CARD as follows:

1. That judgment be entered against Defendants for actual and monetary damages accrued by Plaintiff as a result of Defendants' breach of contract;

2. That judgment be entered against Defendants for actual and monetary damages accrued by Plaintiff as a result of Defendants' breach of the implied covenant of good faith and fair dealing;

3. That judgment be entered against LTD for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

4. That judgment be entered against LTD for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

5. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

6. That the Court grant such other and further relief as may be just and proper.

//
//

## DEMAND FOR JURY

Plaintiff demands a trial by jury on all issues so triable.

>Respectfully Submitted,
>
>**REZNIK LAW OFFICE, P.C.**
>
>*/s/ Gemma Mondala*
>
>Gemma Mondala
>Counsel for Plaintiff Andre Robertson